UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN K. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00140-JPH-MKK |
| | ) | |
| J. WADAS Warden, | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN DOE 1 Unknown, Employee and | ) | |
| Officer, | ) | |
| JANE DOE 1 Unknown, Employee and | ) | |
| Lieutenant, | ) | |
| JOHN DOE 2 Unknown, Employee and | ) | |
| Officer, | ) | |
| F. CHEATHAM LIEUTENANT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT, DISMISSING CLAIMS, RULING ON PENDING MOTIONS, AND DIRECTING SERVICE OF PROCESS**

### I.    Screening Standard

At all times relevant to this action, plaintiff Brian K. Marshall was confined at the Terre Haute Federal Correctional Institution ("TH-FCI"). Because Mr. Marshall is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his amended complaint before service on any defendant. Pursuant to § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.   In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

## II.    The Amended Complaint

The Court first notes that only 11 of the 19 pages of the amended complaint were filed with the Court. Pages 2, 6, 7, 9, and 12-15 are missing. Dkt. 12. In order to prevent further delay in the screening process of the amended complaint, the Court will rely on what appear to be duplicate (the same) pages that were filed in the original complaint. The only difference between the two documents appears to be the identification of Jane Doe in the original complaint as Lt. F. Cheatham in the amended complaint. The amended complaint names the following defendants: 1) Warden J. Wadas; 2) Federal Bureau of Prisons; 3) United States of America; 4) Lieutenant F. Cheatham; and 5) Unknown John Does 1-2. Dkt. 12 at 1-2.

Mr. Marshall alleges that on May 5, 2023, several prison officers ran on to his unit in response to a distress call. Dkt. 1 at 3-4; dkt. 12 at 2-3. At that time, Mr. Marshall was merely standing in front of his cell. Dkt. 1 at 3; dkt. 12 at 2. Defendants John Doe 1 and 2 ran up to Mr. Marshall and attacked him, hitting

him in the head and ribs, breaking and dislocating his left arm. Dkt. 1 at 8; dkt. 12 at 5. Lt. Cheatham was present and observed the use of excessive force on Mr. Marshall but failed to intervene. Dkt. 1 at 8-9; dkt. 12 at 5. Mr. Marshall was placed in the Special Housing Unit ("SHU") on May 5. Dkt. 1 at 11; dkt. 12 at 7. He complained to those involved in the incident and other staff that his left arm was hurting and was swollen three times its normal size. *Id.* Lt. Cheatham and the John Doe officers failed to report Mr. Marshall's injuries and failed to have medical staff treat him following the assault. Dkt. 1 at 10, 17; dkt. 12 at 6, 9. Mr. Marshall was not seen by medical staff until May 9, 2023, four (4) days later. *Id.* Mr. Marshall had several surgeries and continues to experience pain and suffering caused by his injuries. Dkt. 1 at 12-13; dkt. 12 at 8.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. " 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Mr. Marshall's claims under each of these theories of liability is discussed below.

**A. FTCA**

The amended complaint can be understood to assert a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), as Mr. Marshall alleges that he submitted an Administrative Claim on Form 95 on May 16, 2023. The only proper defendant in an action pursuant to the FTCA is the United States

itself. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982). This claim **shall proceed.**

### B. *Bivens* **Medical Need**

The amended complaint is understood to also allege *Bivens* claims against the individual defendants. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) "allows suits against federal employees for violation of constitutional rights." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42. U.S.C. § 1983 authorizes such suits against state officers…").

There is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). More than fifty years ago, the Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. That implied authority was subsequently extended twice: first to actions alleging gender discrimination in federal employment in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979), and second to actions alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980). But these "three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an

4

implied damages remedy under the Constitution itself." *Ziglar*, 582 U.S. at 131. In the past four decades, the Court has declined to further extend the scope of available *Bivens* claims. *Egbert v. Boule*, 596 U.S. 482, 486-87 (2022) (listing cases).

Claims against all John Doe defendants are dismissed for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Marshall is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

The deliberate indifference to a serious medical need *Bivens* claim **shall proceed** against Lt. Cheatham (and the John Doe defendants if their names are later identified).

### C. Dismissed Claims

Mr. Marshall's excessive force and failure to intervene claims against the defendants in their individual capacities are brought pursuant to *Bivens.* Expansion of *Bivens* is a "disfavored judicial activity" and the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens.*" *Hernandez v. Mesa,* 589 U.S. 93, 102 (2020). *see also Ziglar*, 582 U.S. at 133 ("If

the statute does not itself so provide, a private cause of action will not be created through judicial mandate").

When asked to extend *Bivens*, the Court engages in a two-step inquiry. First, it asks whether the request involves a claim that arises in a "new *Bivens* context," that is, whether it is "meaningfully different from the three cases in which the Court has implied a damages action." *Egbert,* 596 U.S. at 492. Second, if the claim presents a new *Bivens* context, the Court then asks whether there are any special factors that counsel hesitation about granting the extension. *Id.* "While our cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* Finally, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Id.* at 493 (internal quotation omitted). In *Egbert,* the Supreme Court held that Fourth Amendment excessive force and First Amendment retaliation claims against federal border patrol agents are *not* valid causes of action under *Bivens. Id.* at 493-94.

As presented, Mr. Marshall's excessive force and failure to intervene claims arise in a new context, and a new private cause of action will not be created by this Court because of "the risk of interfering with the authority" of Congress which "might doubt the efficacy or necessity of a damages remedy." *Hernandez,* 589 U.S. at 102.

### III.    Conclusion, Service of Process, and Pending Motions

Applying the screening standard to the factual allegations in the amended complaint, the amended complaint shall **proceed as alleged** against the United States of America as a violation of the FTCA under a theory of negligence and assault and battery under Indiana law. The *Bivens* deliberate indifference to a serious medical need claim **shall proceed** against Lt. F. Cheatham.

All other *Bivens* claims are **dismissed for failure to state a claim upon which relief can be granted.**

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 4, 2025,** in which to identify those claims.

**The clerk shall terminate all defendants except the United States of America and Lt. F. Cheatham** on the docket.

**The clerk is designated** pursuant to Rule 4(c)(3) of the *Federal Rules of Civil Procedure* to issue process to Lt. F. Cheatham and the United States of America and the officials designated pursuant to Rule 4(i)(1). Process shall consist of a summons, which shall be served with a copy of the original complaint filed on April 18, 2024, docket 1, and the amended complaint filed on July 24, 2024, docket 12, and a copy of this Order, by the Marshal for this District or his deputy, at the expense of the United States.

The plaintiff's motions requesting status of the case, dkt. [13] and dkt. [16], are **granted** consistent with the information provided in this Order. The

7

plaintiff's motion to appoint counsel, dkt. [15], is **denied without prejudice** because he has not shown that he has made a reasonable attempt to secure private counsel on his own. *Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). The **clerk shall include** a form motion for assistance with recruiting counsel with the plaintiff's copy of this Order.

**SO ORDERED.**

Date: 3/4/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN K. MARSHALL
15188-010
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronic Service to the US Marshal